IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| JEREMY ZHOU,[1] | § |
| | § No. 51, 2023 |
| Respondent Below, | § |
| Appellant, | § Court Below—Family Court |
| | § of the State of Delaware |
| v. | § |
| | § File No. CN19-06180 |
| DIVISION OF FAMILY SERVICES, | § Petition No. 19-35052 |
| | § |
| Petitioner Below, | § |
| Appellee. | § |

Submitted: August 11, 2023
Decided:    October 3, 2023

Before **SEITZ**, Chief Justice; **LEGROW** and **GRIFFITHS**, Justices.

## **ORDER**

Upon consideration of the parties' briefs and the record below, it appears to the Court that:

(1)    The appellant, Jeremy Zhou, filed this appeal from a December 14, 2022 Family Court order accepting the Commissioner's order substantiating Zhou for child abuse and placing him the Child Protection Registry ("Registry"). For the reasons discussed below, we reverse and remand.

(2)    On October 22, 2019, the Division of Family Services ("DFS") sent Zhou a notice of intent to substantiate him for abuse on the Registry at Child

---

[1] The Court previously assigned pseudonyms to the parties under Supreme Court Rule 7(d).

Protection Level III. The notice alleged that Zhou had physically abused a child in his care on July 21, 2019. On November 5, 2019, Zhou requested a hearing in the Family Court.

(3) On December 16, 2019, DFS filed a petition for substantiation alleging that Zhou had physically abused a child in his care by hitting him with a belt on July 21, 2019. DFS also filed a motion for interim placement of Zhou on the Registry, which the Family Court denied. On March 17, 2020, DFS filed a motion for stay of the substantiation petition pending the resolution of criminal charges against Zhou that arose from the July 21, 2019 incident. The Family Court granted the motion.

(4) According to a July 19, 2022, pretrial order, the criminal charges against Zhou were resolved on January 27, 2021. The Family Court scheduled a hearing on the substantiation petition for November 14, 2022. At the hearing, the Family Court Commissioner stated that her records showed Zhou had entered into a diversionary plea for third-degree child abuse and endangering the welfare of a child. Zhou denied that he had pleaded to anything and stated that his criminal attorney told him the charges were dismissed. After reviewing information in the Delaware Criminal Justice Information System ("DELJIS"), DFS initially stated that the criminal charges had been resolved by *nolle prosequi*, but then agreed with the Commissioner that the DELJIS records referred to diversion. Based on Zhou's entry into a diversion program for third-degree child abuse and endangering the welfare

2

of a child, the Commissioner substantiated Zhou for physical abuse of a child and placed him on Child Protection Level III of the Registry.

(5)     Zhou filed a request for review of the Commissioner's order. He argued that the Commissioner and DFS improperly relied on laptops during the hearing, he never went to the Family Court to plead guilty, and his criminal attorney told him the criminal charges were dismissed. On December 14, 2022, the Family Court conducted a *de novo* review and affirmed the Commissioner's order. This appeal followed.

(6)     On appeal, Zhou argues that he did not enter any plea, the criminal charges were dismissed, and the Family Court Commissioner erred by relying on her laptop to find otherwise. DFS contends that the Family Court could take judicial notice of Zhou's DELJIS records, but admits that Zhou did not have a fair opportunity to be heard or to refute these records in the Family Court. DFS recommends that this matter be remanded so Zhou has the opportunity to show that he was not convicted of crimes requiring automatic placement on the Registry and, if the Family Court finds there were no such convictions, DFS has the opportunity to present its case for substantiation as it was prepared to do at the original hearing.

(7)     This Court's review of a Family Court decision includes a review of both the law and the facts.[2]  Conclusions of law are reviewed *de novo*.[3]  Factual findings will not be disturbed on appeal unless they are clearly erroneous.[4]

(8)     In placing Zhou on Child Protection Level III of the Registry, the Family Court relied on 16 *Del. C.* §§ 922 and 923.  Section 922(1) requires the Registry to indicate "substantiated for abuse" and the Child Protection Level for any person who "[b]ased on the same incident of abuse or neglect on which the substantiation proceeding is premised, has been convicted of any criminal offense set out in § 923."  At the time of the July 21, 2019 incident and the November 14, 2022 hearing, § 923(b)(3) provided that a person convicted of third-degree child abuse or misdemeanor endangering the welfare of a child based on the same incident of abuse as alleged in the notice of intent to substantiate had to be designated to Child Protection Level III of the Registry.  "Convicted" and "conviction" are defined as:

> entry of a plea of guilty or nolo contendere, regardless of whether the plea was subsequently discharged or dismissed under the first offenders domestic violence diversion program pursuant to § 1024 of Title 10, or under the first offenders controlled substances diversion program pursuant to § 4767 of this title, or of a Robinson plea, or of a probation before judgment discharge without judgment of conviction notwithstanding the provisions of § 4218(g) of Title 11, or a finding of guilt after trial, or a finding of not guilty after trial as a result of the

---

[2] *Mundy v. Devon,* 906 A.2d 750, 752 (Del. 2006).
[3] *Id.*
[4] *Id.*

4

defense of mental disease or defect pursuant to Title 11, or adjudication of delinquency for conduct which if committed by an adult, would constitute a crime; or "conviction" or "convicted" under similar proceedings of another state, territory or jurisdiction.[5]

(9)     Having reviewed the parties' positions, the relevant law, and the record below, we conclude that Zhou did not have a fair opportunity to be heard in the Family Court regarding whether he had criminal convictions triggering his placement on the Registry under §§ 922 and 923.  As DFS notes, the Family Court Commissioner raised Zhou's criminal history as a basis for automatic placement on the Registry *sua sponte*.  In deciding that Zhou was convicted of third-degree child abuse and misdemeanor endangering the welfare of a child, the Commissioner relied on her review and DFS's review of DELJIS records that Zhou did not have access to during the hearing and that he disputed.  The Family Court record transmitted to this Court does not include anything, other than the Commissioner and DFS's description of what they saw in DELJIS, that shows the outcome of Zhou's criminal charges.  We cannot discern from the record whether Zhou has any criminal convictions requiring his placement on the Registry as found by the Family Court.[6]

(10)    Accordingly, we reverse the judgment of the Family Court and remand for the Family Court to hold a new substantiation hearing.  Zhou shall be provided with documents showing any criminal convictions that require his placement on the

---

[5] 16 *Del. C.* § 902(8).
[6] *Id.*

Registry under §§ 922 and 923. He shall have the opportunity to contest that he has the necessary convictions for placement on the Registry and DFS shall have the opportunity to present its original case for Zhou's substantiation. If the Family Court relies on §§ 922 and 923 to place Zhou on Level III of the Registry, the Family Court shall address how the resolution of Zhou's criminal charges meets the definition of "conviction" or "convicted" under § 902(8).

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is REVERSED and this matter is REMANDED for further proceedings consistent with this order. Jurisdiction is not retained.

BY THE COURT:

/s/ N. Christopher Griffiths
Justice

6